UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ESTEBAN JUAREZ, III,
    Petitioner,
v.                                                   Case No. 5:23-cv-24/AW/MAL

WARDEN, F.C.I. MARIANNA
    Respondent.
_____/

## **REPORT AND RECOMMENDATION**

Petitioner Esteban Juarez initiated this case by filing a petition for writ of habeas corpus under 28 U.S.C. which was opened in the Western District of Texas on March 1, 2021. ECF No. 1. Juarez claimed his jail time credit had been miscalculated and he was missing approximately two additional years of credit. ECF No 1 at 6-7. The case was transferred to the District of Arizona shortly thereafter. ECF No. 5. The petition was served, and a response filed. The response alleged the case was subject to dismissal for failure to exhaust administrative remedies and because Juarez's prior custody credit had been correctly calculated. ECF No. 22. On January 30, 2023, the case was transferred to this Court after Petitioner's transfer to F.C.I. Marianna. ECF No. 28.

Petitioner filed a Notice of Intent to Proceed, which the Court received on March 20, 2023. ECF No. 38. That was the last communication received from

Juarez. Respondent filed a Continuing Opposition Response on April 22, 2023, concurring with the previous response, ECF No. 40, and Juarez filed nothing further.

By January of 2024, the court ascertained Juarez had been transferred to the supervision of the Residential Reentry Management Office in San Antonio, Texas, potentially calling into question the continued viability of his petition. The only address provided for RRM San Antonio is for staff mail. *See* https://www.bop.gov/locations/ccm/csa/. Juarez never filed a notice of change of address with this Court, despite having twice been warned that failure to do so could result in a recommendation of dismissal of his case. *See* ECF No. 33 at 2; ECF No. 37 at 1. On February 29, 2024, this court entered an order to show cause why this case should not be dismissed due to Juarez's failure to keep the court apprised of his current address. Petitioner Juarez has not responded.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order, typically upon motion of the defendant. *See Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) (citing cases). Rule 41.1 of the Local Rules of the Northern District of Florida also authorizes the court to impose sanctions, up to and including dismissal, for failure to comply with a rule or court order. Thus, because Petitioner

has failed to comply with Court orders necessary for the continuation of this case, the petition should be dismissed without prejudice.

Accordingly, it is respectfully RECOMMENDED:

1. Juarez's petition under 28 U.S.C. § 2241, ECF No. 1, be **DISMISSED** without prejudice.

2. The clerk be directed to close the case file.

At Gainesville, Florida on April 12, 2024.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.